UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY NAVARRE (#87501)

VERSUS                                                  CIVIL ACTION

JAMES LEBLANC, ET AL                                    NUMBER 13-555-SDD-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 17, 2014.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY NAVARRE (#87501)

VERSUS                                                    CIVIL ACTION

JAMES LEBLANC, ET AL                         NUMBER 13-555-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion for Partial Summary Judgment.  Record document number 9.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Lt. Nathaniel Johnson, Msgt. Mark Briggs and Sgt. Deidra Foster. Plaintiff alleged that the defendants were deliberately indifferent to his safety in violation of his constitutional rights.

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of Msgt. Briggs and Lt. Johnson, copies of the plaintiff's medical records, the results of Administrative Remedy Procedure ("ARP") LSP-2013-0322, copies of Warden's Unusual Occurrence Reports, copies of disciplinary reports issued to inmates Jarvis Couteau and Eric Bell on December 14,

---

[1] Record document number 14.

2012, and a Report of Inmate Accident dated March 19, 1983.

## I. Factual Allegations

Plaintiff alleged that on December 14, 2012, at 8:30 p.m., while confined on the TU Lower C Tier, cell 6, extended lockdown, the control panel malfunctioned and all of the cells on the tier opened at the same time. Plaintiff alleged that Msgt. Briggs and Sgt. Foster were assigned to the unit at the time.

Plaintiff alleged that inmates Bell and Couteau began fighting in front of his cell. Plaintiff alleged that the two inmates entered his cell and he was knocked to the floor and struck in the face, head and body.

Plaintiff alleged that the defendants knew, or should have known, that on at least two prior occasions, the cell door on TU Lower C Tier were opened due to a control panel mechanical error. Plaintiff alleged that the defendants failed to repair the control panel prior to the December 14, 2012 incident.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing

that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

**B. Qualified Immunity**

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the

3

defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id*., at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

### C. Respondeat Superior

Plaintiff named Secretary LeBlanc as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between

4

the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff's allegation that Secretary LeBlanc is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

**D. Deliberate Indifference**

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006)(citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994)). This duty, which is grounded in the Eighth Amendment's prohibition against "cruel and unusual punishments," is nevertheless a limited one. *See Farmer*, 511 U.S. at 832-34, 114 S.Ct. 1970. To succeed on a claim for failure to protect, an inmate must show that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and that (2) a prison official was "deliberately indifferent" to this risk. Id. at 834, 114 S.Ct. 1970.

A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837, 114 S.Ct. 1970. To "know of" a risk, an official must be "subjectively aware" of the risk: that is, "the

5

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970; *see also Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). This issue is a question of fact. *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970; *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995). Finally, even if a prison official was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844, 114 S.Ct. 1970.

The deliberate indifference standard is "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The Fifth Circuit has declined to find deliberate indifference where an official "*should have*" inferred a risk posed to an inmate, requiring proof that the official "*did* draw such an inference." *Adames*, 331 F.3d at 514; *see also Farmer*, 511 U.S. at 838, 114 S.Ct. 1970; *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Nevertheless, an inmate does not have to produce direct evidence of an official's knowledge about the risk; he may rely on circumstantial evidence to demonstrate such knowledge. *See Farmer*, 511 U.S. at 842, 114 S.Ct. 1970; *Adames*, 331 F.3d at 512. For example, an inmate can prove the requisite knowledge by showing that conduct or occurrences were "longstanding, pervasive, well-

documented, or expressly noted by prison officials in the past" such that officials had subjective knowledge of the complained risk. *See Farmer*, 511 U.S. at 842-43, 114 S.Ct. 1970 (internal quotation marks omitted); *Adames*, 331 F.3d at 512.

The summary judgment evidence showed that on December 14, 2012, all of the cell doors on TU Lower C Tier opened due to a mechanical malfunction of the control panel.[2] Inmates began exiting their cells and entered the unit.[3] Msgt. Briggs activated his beeper and ordered the inmates to return to their cells.[4]

The summary judgment evidence showed that Lt. Johnson went to TU Lower C Tier in response to the activated beeper.[5] Lt. Johnson ordered the two inmates to stop fighting and they complied.[6] The maintenance department was notified of the incident and conducted an assessment of the equipment.[7]

Plaintiff alleged - but failed to come forward with any evidence - that any defendant knew the control panel had previously malfunctioned, failed to repair it before the December 14, 2012

---

[2] Record document number 9-4, Exhibit C, Mark Briggs affidavit, p. 2.

[3] *Id.*

[4] *Id.*

[5] Record document number 9-5, Exhibit D, Nathaniel Johnson affidavit, p. 2.

[6] *Id.*

[7] *Id.*

incident, and knew that two other inmates would engage in a fight which would coincidentally involve the plaintiff.

Even if the control panel had malfunctioned sometime prior to the December 14, 2012 incident, there is no evidence in the record that any defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm to the plaintiff existed if the control panel would malfunction again, and that the defendant also drew the inference that a substantial risk of serious harm existed, yet failed to take any steps to abate the risk of harm.

Plaintiff offered only conclusory allegations and failed to point to summary judgment evidence creating a genuinely disputed issue of material fact.  Because the plaintiff has identified no genuine dispute as to any material fact, summary judgment for the defendants is appropriate.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed.

Baton Rouge, Louisiana, April 17, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE