UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY NAVARRE (#87501)

VERSUS

CIVIL ACTION

JAMES LEBLANC, ET AL.

NUMBER 13-555-SDD-SCR

## RULING ON MOTION TO REVIEW CLERK'S TAXATION OF COSTS

Before the Court is the Plaintiff's *Motion in Opposition To Taxation of Costs*[1] which shall be treated as a Motion to Review the Clerks's Taxation of Costs pursuant to Rule 54(d)(1), Fed.R.Civ.P.

*Judgment*[2] was entered on May 15, 2014, in favor of Defendants, D. Foster, Mark Briggs, Nathaniel Johnson, James LeBlanc, and N. Burl Cain and against the Plaintiff, Gregory Navarre. Plaintiff appealed and, on December 15, 2014, the United States Court of Appeals for the Fifth Circuit dismissed the Plaintiff's appeal as frivolous.[3]

On May 23, 2014, the Defendants filed a *Bill of Costs*[4] to which no objection was filed. On January 23, 2015, the Clerk of Court for the Middle District of Louisiana entered a Taxation of Costs in the amount of $26.40.[5]

Plaintiff filed this Motion for Review of the Taxation of Costs but failed to explain the

---

[1] Rec. Doc. 27.

[2] Rec. Doc. 18.

[3] Rec. Doc. 24.

[4] Rec. Doc. 19.

[5] Rec. Doc. 26.

basis for his motion.

"[C]osts—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). "The trial court has broad discretionary powers in taxing costs.... While [Rule54(d)(1)] does not prevent a trial court from requiring a prevailing party to bear its own costs, the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs." *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (citations and internal quotation marks omitted). "[I]t is incumbent on the losing party to overcome that presumption." *Id.* (citation and internal quotation marks omitted).

Plaintiff has failed to overcome the presumption that the Defendants are entitled to the costs at issue.

Accordingly, the Plaintiff's *Motion in Opposition To Taxation of Costs*[6], treated as a Motion to Review the Clerks's Taxation of Costs pursuant to Rule 54(d)(1), Fed.R.Civ.P., is DENIED.

Baton Rouge, Louisiana the 10 day of February, 2015.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[6] Rec. Doc. 27.